**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DESIGN BASICS, LLC, and | ) | |
| W.L. MARTIN HOME DESIGNS, LLC, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:16-CV-179-PPS-JEM |
| | ) | |
| PRECISION HOMES, INC., | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File First Amended Complaint [DE 38], filed by Plaintiffs on October 13, 2017. Plaintiffs request leave to file an Amended Complaint. Defendant filed a response on October 27, 2017, and Plaintiffs filed a reply on November 3, 2017.

**I.     Background**

Plaintiffs filed their Complaint for infringement of copyright in architectural works on May 19, 2016. Plaintiffs allege, in relevant part, that Defendant constructed and sold houses derived from three of Plaintiffs' copyright-protected home plans. They now seek leave to add claims that Defendant has infringed additional copyrights held by Plaintiff Design Basics, alleging that materials produced by Defendant during the course of discovery only recently provided evidence of the additional infringement. They also wish to amend to voluntarily dismiss the claims of Plaintiff W.L. Martin Home Designs, LLC.

**II.    Analysis**

In its scheduling order of August 25, 2016, the Court set the deadline for Plaintiffs to amend their pleadings to October 31, 2016. No party timely moved to extend the deadline, and Plaintiffs' Motion to Amend was filed almost a year after the deadline had passed. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(3). Where, as

in this case, a party fails to seek leave to amend after the applicable deadline, the Court must approach the motion in two steps, first determining whether there is good cause under Rule 16(b) for filing the amendment after the deadline, then addressing the appropriateness of the amendment itself pursuant to Rule 15(a). *Alioto v. Town of Lisbon,* 651 F.3d 715, 719 (7th Cir. 2011). "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id.* at 720.

If good cause exists to allow the late amendment, the Court must next analyze whether the amendment is appropriate under Rule 15(a)(2). *Id.* at 719. Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave" to amend pleadings "when justice so requires." Thus, if underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The decision to grant or deny a motion to amend lies within the Court's sound discretion, and leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991); *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

Plaintiffs argue that good cause exists to allow the late amendment because, despite their diligent efforts to pursue the relevant information in discovery, Plaintiffs learned that Defendant may have infringed their other designs only after they received Defendant's late discovery responses. Defendant counters that Plaintiffs knew about Defendant's allegedly infringing house plans long before filing the instant Motion to Amend, and perhaps even before filing their original Complaint,

2

and argues that Plaintiffs' own inadvertence or carelessness in omitting the additional designs from their Complaint does not constitute "good cause" to allow an amendment to the Complaint at this late stage. Plaintiffs disagree, arguing that while they did suspect Defendant may have infringed their copyrights in the additional designs, they were unable to confirm that suspicion and unable to discern whether those designs may have been infringed until they received belated responses to discovery requests.

On or about September 8, 2106, Plaintiffs sent Defendant their initial requests for production, including request 25, which sought a "complete set of all the House Plans created or acquired by Defendant (including drawings, blueprints, sketches, mockups, genesis, notes, preliminary designs, and final contraction [sic] documents) whether the house was constructed or not, for years 2000 through the present." Defendant objected to the request on several grounds and only produced files related to some plans it had received from Design Basics. Plaintiffs and Defendant conferred about the objections, and Defendant eventually turned over the responsive house plans in three batches from June 14, 2017, through September 25, 2017. On October 3, 2017, Plaintiffs notified Defendant of their intent to amend the Complaint. They filed the instant Motion and proposed Amended Complaint 10 days later, just 18 days after receiving the last batch of responsive plans.

Defendant insists that Plaintiffs should have included their other potentially infringed designs in the original Complaint; however, Plaintiffs had no way to be certain as to which of their other designs might belong in the Amended Complaint until it reviewed the house plans that Defendant produced in June, August, and September of 2017. As early as February 2017, during the negotiations over discovery responses, Plaintiffs indicated to Defendant that they might seek amendment of the Complaint based on the plans received in discovery. While it is true that Plaintiffs

3

would have been well-advised to request an extension of the amended pleadings deadlines in anticipation of their possible need, it is also true that they were diligent in seeking the discovery responses they required and were forthright with Defendant as to why. In light of that diligence, and in light Defendant's delay in producing the house plans responsive to Plaintiffs' original request, the Court finds that good cause exists to allow the late request to amend.

Turning to the Rule 15(a) factors, Plaintiffs argue that they are seeking to include their recently-discovered claims against Defendant in this lawsuit in order to avoid filing a second lawsuit between the same two parties. Defendant argues that it will be unduly prejudiced because the lawsuit would now include numerous homes that were not part of the original lawsuit. However, Defendant was aware that Plaintiffs were considering amending their suit to include additional claims of infringement, and Plaintiff's amendment does not appear to be in bad faith. Plaintiffs made a request for production expected to lead to the discovery of the home plans as far back as September 8, 2016. Though addressing the underlying copyright claims may result in some expansion of discovery and cost in this suit, doing so will likely be less time-consuming and less costly than pursuing a second suit based on the additional allegedly copyright-protected designs. Therefore, the Court will allow the amendment and allow the parties to test Plaintiffs' additional claims on the merits.

### III. Conclusion

For the foregoing reasons the Court **GRANTS** the Motion for Leave to File First Amended Complaint [DE 38] and **ORDERS** Plaintiffs to file their Amended Complaint, currently attached as an exhibit to the instant Motion, by **February 8, 2018.**

The Court **TAKES UNDER ADVISEMENT** Defendant's, Precision Homes, Inc.'s, Motion to Strike Plaintiffs' Rebuttal Expert Witnesses, and for Reconsideration of the Court's Order of

October 27, 2017, to Properly Limit the Nature and Scope of a Modified Discovery Deadline to Deal Only with Properly and Timely Disclosed Expert Witnesses [DE 43] and Plaintiffs' Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion to Exclude Plaintiffs' Rebuttal Expert Reports [DE 49], and **SETS** this matter for a hearing on **March 15, 2018 at 10:45 a.m.** (Central Time) to address these motions as well as any additional discovery needed as a result of the amended pleadings. Parties may participate telephonically by providing notice **by email** to Courtroom Deputy Sue Brown at sue_brown@innd.uscourts.gov within 48 hours in advance of the hearing.

SO ORDERED this 2nd day of February, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record